UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD ISASI,

          -v-

BRIAN FISCHER, P. GRIFFIN, A. BARTLETT,
K. WASHBURN and G. HUNGERFORD,

        Defendants.

**DECISION and ORDER**
10-CV-0948F



---

## INTRODUCTION

Plaintiff Richard Isasi, an inmate at the Southport Correctional Facility, has submitted a complaint and seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (a) and appointment of counsel. Plaintiff alleges that he has been punished on three separate occasions pursuant to an unconstitutional policy of the New York Department of Correctional Services ("DOC") that prohibits the possession of Uniform Commercial Code (UCC) materials, and that his outgoing mail to family members has been opened without express authorization of Southport's Superintendent because it contained UCC materials. Because plaintiff has had "three strikes" pursuant to 28 U.S.C. § 1915(g)(2), and has not shown that he is "under imminent danger of serious physical injury," *id.*, his application to proceed *in forma pauperis* is denied and this action will be dismissed unless plaintiff pays the $350.00 filing fee. Because plaintiff's claims will not go forward unless he pays the filing fee, the motion for appointment of counsel is denied as premature.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(g)(2):

> In no event shall a prisoner bring a civil action or appeal and judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, when an inmate has garnered three "strikes," as they have come to be known, the motion for *in forma pauperis* status must be denied unless plaintiff has asserted claims which indicate that he is under imminent danger of serious physical injury.

Plaintiff has had at least two cases dismissed by the Eastern District of New York for strike reasons, 03-CV-2912ERK and 05-CV-4079ERK, and at least two appeals dismissed by the United States Court of Appeals for the Second Circuit for strike reasons, 04-0629-pr (the Court of Appeals' docket number for its affirmance of the dismissal in 03-CV-2912ERK) and 07-0890-pr[1] (the Court of Appeals' docket number for the dismissal of an appeal from a denial by this Court of plaintiff's application for permission to proceed *in*

---

[1] This Court has also dismissed a prior complaint of plaintiff on strike grounds, *Isasi v. Fischer*, 10-CV-0279F), but since the Second Circuit Court of Appeals has not determined plaintiff's appeal from that dismissal, the Court is not counting its dismissal as an additional strike at this time. *See Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) ("Hence, when a district court has dismissed a suit in what could be a prisoner's third strike, the presumption would seem to be for the reviewing court to give that dismissal no weight as of yet. And so most of the circuit courts considering this question have held." (citations omitted.) The Seventh Circuit, however, has ruled to the contrary and held that "a district court dismissal can count as a strike before an appeal therefrom has concluded." *See Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir.2002). The Second Circuit, however, did not decide that issue in *Chavis* but left if for another day. *Chavis*, 618 F.3d at 169 ("We need not today decide between these approaches, or even whether one approach excludes the other. It is enough to recognize that, given the availability of either, Chavis's "absurdity" argument fails.")

forma pauperis for strike reasons, *Isasi v. Goord*, 06-CV-0120E).[2] Moreover, plaintiff has not alleged facts that even remotely suggest he was under imminent danger of serious physical injury at the time he filed the complaint.

To satisfy the requirement of imminent danger of serious physical injury under 28 U.S.C. § 1915 (g), a plaintiff must "reveal a nexus between the imminent danger [he] alleges and the claims [he] asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). In considering whether such a nexus exists, the court will consider: (1) whether the imminent danger alleged is fairly traceable to the unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. *Id.*, at 299. Also, the imminent harm must be existing at the time the complaint is filed." *Harris v. City of New York*, NO. 09-0081-PR), 2010 WL 252004, at *5 (2d Cir. Jun. 2, 2010) (*citing Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002)).

Plaintiff's sole reference to imminent danger is as follows:

> [P]laintiff states that the imminent danger faced by plaintiff exist at the time of the three (3) incidents took place , April 21, 2010, April 30, 2010 and May 20, 2010. One question when prison officials escrow plaintiff's agreement and then mail clerk [defendant] K. Washburn and the Deputy of Programs [defendant] A. Bartlett opened and received plaintiff's outgoing mail without express written authorization from the Facility Superintendent.

(Docket No. 1, Complaint, ¶ 13.)

This wholly conclusory and somewhat incomprehensible paragraph does not sufficiently allege that plaintiff was under imminent danger of serious physical injury at the time the complaint was filed. *See Polanco v. Hopkins*, 03-CV-6661, 2007 WL 914023, at

---

[2]In *Chavis*, 618 F.3d at 169, the Second Circuit held that a district court's dismissal of a complaint on strike grounds and the court of appeals' subsequent dismissal of an appeal in the same case on strike grounds counts as two strikes.

*3-5 (W.D.N.Y. March 23, 2007), *aff'd*, 510 F.3d 152 (2d Cir. 2007) (plaintiff had not alleged facts plausibly suggesting that he was in imminent danger of serious physical injury at the time he "brought" the action).

Plaintiff's claims involve no allegations of physical harm or injury, and revolve solely around DOCS' policy to prohibit the possession of UCC material, the confiscation of said material from plaintiff, the discipline imposed for violations of the policy, and the opening of plaintiff's outgoing mail on the basis that it contained UCC material.[3] There are simply no allegations to support a plausible claim that plaintiff was under imminent danger of serious physical injury based on defendants' purported actions.

Accordingly, pursuant to the mandate of 28 U.S.C. § 1915 (g), plaintiff's motion for *in forma pauperis* status must be denied, and the complaint must be dismissed unless plaintiff pays the full filing fee of $350.00 by **January 13, 2011.**

## ORDER

IT IS HEREBY ORDERED, that plaintiff's request to proceed *in forma pauperis* (Docket No. 2) is denied. **Plaintiff has until January 13, 2011, to pay the filing fee of $350.00 or the action will be dismissed pursuant to 28 U.S.C. § 1915 (g).** If plaintiff

---

[3]DOCS amended its disciplinary rules to provide for the discipline of inmates who possess UCC related materials or engage in fraudulent UCC filing activities. Inmate Disciplinary Rules 107.21, 113.30, N.Y. Comp. Codes R. & Regs., tit. 7 §§ 270.2(B)(8) and 270.2(B)(14). The stated purpose of these amendments was to "prevent a scheme whereby inmates have fraudulently utilized provisions of the Uniform Commercial Code (UCC) to file baseless liens with the Secretary of State against Department employees and others." Updated Rules for Standard of Inmate Behavior, Inmate Correspondence Program and Privileged Correspondence to Prevent Fraudulent Inmate Use of Uniform Commercial Code (Sections 270.2, 720.3, 720.4, 721.2 & 721.3 of Title 7 NYCRR) <http://www.docs.state.ny.us/RulesRegs/20091209_COR30-09-00018.html>

does not pay the filing fee by said date, this action shall be dismissed without prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has not paid the $350.00 filing fee by **January 13, 2011**, the Clerk of the Court shall close this case as dismissed without prejudice without further order;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to pay the full filing fee by **January 13, 2011**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, , 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and

FURTHER, because plaintiff's claims are not going forward unless he pays the filing fee as directed above, plaintiff's request for appointment of counsel (Docket No. 3) is denied as premature.

SO ORDERED

Dated: December 16, 2010
Buffalo, New York

_____
WILLIAM M. SKRETNY
Chief Judge
United States District Court

5